IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN TRAVIS BAKER #297172,                )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )   Case No. 3:15-cv-00448
                                          )
STATE OF TENNESSEE, et al.,               )   JUDGE TRAUGER
                                          )
    Defendants.                           )

## MEMORANDUM

Plaintiff John Travis Baker, an inmate incarcerated in the Davidson County Jail in Nashville, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights by the state and by individuals involved in his pending criminal prosecution. (Docket Entry No. 1.) The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

### I.    Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II. Factual Allegations

The plaintiff essentially alleges that the defendants, including several law enforcement agents, prosecutors and a judge, are violating his constitutional rights by charging him with a murder of which they know he is innocent and having him wrongfully detained on that charge pending trial. Specifically, he alleges that Judge Seth Norman has violated his rights by having him detained and in connection with rulings on issues of appointment of counsel and the right to a speedy trial. He alleges that (now former) District Attorney Victor S. Johnson III and (assistant) District Attorney Dan Hamm have violated his rights by knowingly charging him with a murder of which he is innocent and trying to coerce him to testify against someone else, and by engaging in malicious prosecution and being responsible for an illegal search and seizure. He alleges that Tennessee Bureau of Investigation agent Steve Scott falsified and tampered with evidence against him, and that Detective Andrew Injaychockwrongfully accused him and caused him to be indicted despite knowing that the plaintiff is innocent. In addition to $1.5 Million in damages, the plaintiff seeks to have the charges against him dropped, to be released from jail and to have his "name cleared."

## III. Analysis

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316

F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff's claim against the State of Tennessee must be dismissed because the state is immune from suit under the Eleventh Amendment to the United States Constitution. *Quern v. Jordan*, 440 U.S. 332, 334–45 (1975). Judge Norman is also absolutely immune from suit for damages under § 1983 for actions taken in his judicial capacity and with proper jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 10–11 (1991). And 42 U.S.C. § 1983 expressly provides that, except for circumstances not present in this case, "injunctive relief shall not be granted" "against a judicial officer for an act or omission taken in such officer's judicial capacity." Similarly, prosecutors Johnson and Hamm are absolutely immune from claims against them individually for actions taken within the scope of their prosecutorial duties, *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), and are shielded by Eleventh Amendment immunity from any claims for damages against them in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (66). The claims against each of these defendants must therefore be dismissed.

Moreover, the plaintiff's claims in this case relate directly to the validity of his criminal prosecution and may not proceed under § 1983 while the criminal murder charge is pending against him. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Because *Heck*'s bar to civil suits that necessarily imply the invalidity of incarceration only applies when there is an "extant conviction" and not merely an "anticipated future conviction," *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Supreme Court advises that in cases like this one it is "common practice" for the district court "to stay the civil action until the criminal case or the likelihood of a criminal case is

ended." *Wallace*, 549 U.S. at 393–94.  Upon conclusion of the criminal prosecution, the civil action may either proceed or, in the event of a conviction, be dismissed as barred by *Heck*. *Wallace*, 549 U.S. at 394.

Accordingly, the court will stay the remainder of this action pending the outcome of the plaintiff's criminal prosecution.  The stay will remain in effect until the criminal proceeding is resolved, including expiration of the time to file any appeal.  If an appeal is filed, the stay will remain in effect until the appeal process is resolved.  For administrative purposes only, the case will be closed during the pendency of the stay.

## IV.   CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** with prejudice with respect to the State of Tennessee, Judge Seth Norman, Victor Johnson III and Dan Hamm.  The remainder of this action will be **STAYED** pending resolution of the plaintiff's criminal prosecution. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge